United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

A. H.,

        Plaintiff,

    v.

WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT, et al.,

        Defendants.

Case No. 22-cv-03233-JD

**ORDER RE MOTION TO DISMISS**

Plaintiff A.H., who is a minor, alleges that she was sexually abused by her teacher, pro se defendant Jane Shetterly, while she was a student at De Anza High School within the West Contra Costa Unified School District (the District). Dkt. No. 33 ¶¶ 25-32. A.H. says that school officials knew or should have known of the abuse. *Id.* ¶¶ 52-60.

A.H. and J.D. (her mother and guardian ad litem) have sued the District, Shetterly, and Summer Sigler, the principal of De Anza High School. The first amended complaint (FAC) alleges federal claims against the District for violations of Title IX, 20 U.S.C. § 1681(a), Title II of the American with Disabilities Act (ADA), 42 U.S.C. §§ 12132, *et seq.*, and section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. *Id.* ¶¶ 129-39, 159-87. It also alleges an array of California law claims against all defendants. *Id.* ¶¶ 70-128, 140-58, 188-221.

The District and Sigler have asked to dismiss the Title IX, ADA, and Rehabilitation Act claims, and most of the state law claims under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 34. The FAC is dismissed with leave to amend.

**BACKGROUND**

As alleged in the FAC, Dkt. No. 33, A.H. was a student at De Anza High School, and Shetterly was one of her teachers. A.H. had special needs that required an Individualized Education Program (IEP). *Id.* ¶ 2. During the 2019-2020 and 2020-2021 school years, Shetterly allegedly convinced A.H.'s parents to let her go on overnight trips with Shetterly, sent A.H. pornographic images, and engaged in sexual acts with A.H. on multiple occasions. *Id.* ¶¶ 48-50.

The District and its officials are said to have ignored several red flags, including posts on social media involving A.H. and Shetterly, inappropriate behavior that occurred on school property during school hours, and the fact that Shetterly taught classes remotely from A.H.'s home. *Id.* ¶¶ 52-54. After discovering that Shetterly was teaching from A.H.'s home, the District is said to have held a remote meeting led by Sigler to inform Shetterly that teaching from an unsupervised student's home violated the District's policies. *Id.* ¶ 56. According to the FAC, the District did not formally reprimand Shetterly or conduct any follow up, and Shetterly continued to teach from A.H.'s home and sexually abuse her. *Id.* ¶¶ 57, 59. The FAC also alleges that at least two teachers knew about Shetterly's "conduct with A.H.," but did not take any action. *Id.* ¶ 60.

A.H.'s mother notified law enforcement after she discovered the abuse. *Id.* ¶ 64. Shetterly was arrested on May 30, 2021, and charged with multiple felony counts of sexual misconduct with a minor. *Id.* She was released and ordered not to contact A.H, but A.H. says Shetterly continued to call and text her, and tried to meet her at the De Anza High School campus. *Id.* ¶¶ 64-66. A.H. eventually obtained a restraining order against Shetterly. *Id.* ¶ 67.

**LEGAL STANDARDS**

The standards governing a Rule 12(b)(6) motion to dismiss are well-established, and are incorporated here. *See Yates v. E. Side Union High Sch. Dist.*, No. 18-cv-02966-JD, 2019 WL 721313, at *1 (N.D. Cal. Feb. 20, 2019). In summary, a claim must provide "a short and plain statement … showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), including "enough facts to state a claim … that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if, accepting all the factual allegations as true and construing them in the light most favorable to the plaintiff, the Court can reasonably infer

2

that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court will not treat as fact or accept as true allegations that are bare legal conclusions, recitations of elements, or unwarranted deductions. *Id.*; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). The plausibility analysis is "context-specific" and not only invites but "requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## DISCUSSION

### I. TITLE IX CLAIM

As it currently stands, the FAC does not state a plausible Title IX claim against the District. Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

The Supreme Court has made clear that "principles of *respondeat superior* and constructive notice are inadequate to impose Title IX liability on a school district for a teacher's sexual abuse of a high school student." *Mansourian v. Regents of the Univ. of Cal.*, 602 F.3d 957, 966 (9th Cir. 2010) (citing *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 285 (1998)). In cases "that do not involve official policy of the recipient entity," Title IX damages are available only when "an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of the discrimination in the recipient's programs and fails adequately to respond." *Gebser*, 524 U.S. at 290.

The FAC does not plausibly allege that Sigler, or any other school official with authority to take corrective action on the District's behalf, had actual knowledge of Shetterly's alleged sexual abuse of A.H. It says in a purely conclusory manner, without any supporting facts, that the District and its officials "knew or should have known" of the misconduct, and that the District and Sigler "knew of the assault." *See* Dkt. No. 33 ¶¶ 132-33. The same goes for the allegations that two unidentified teachers knew about Shetterly's conduct. *See id.* ¶ 60. The FAC does not say what those unknown teachers were aware of, or that they had "authority to address the alleged

3

1    discrimination and to institute corrective measures" on the District's behalf.  *See Gebser*, 524 U.S.
2    at 290.

3         A.H. suggests that the social media posts, the inappropriate behavior on school grounds, and
4    the fact that was Shetterly teaching from A.H.'s home, are enough to plausibly allege that the
5    District and its officials should have known of the abuse.  Dkt. No. 35 at 7; Dkt. No. 33 ¶¶ 52-59.
6    The problem is that constructive knowledge will not establish a Title IX violation in cases that do
7    not involve an official policy of a school district.  *See Gebser*, 524 U.S. 285.

8         A.H.'s reliance on *Simpson v. Univ. of Colo. Boulder*, 500 F.3d 1170 (10th Cir. 2007) is
9    misplaced.  *See* Dkt. No. 35 at 6-7.  *Simpson* held that, "where the official policy is one of
10   deliberate indifference to a known overall risk of sexual harassment, notice of a particular
11   harassment situation and an opportunity to cure it are not predicates for liability."  *Mansourian*,
12   602 F.3d at 967 (summarizing *Simpson*).  The FAC does not allege that the District maintained an
13   official policy of deliberate indifference to sexual harassment, that there were any similar incidents
14   of sexual abuse in the District during the 2019-2020 and 2020-2021 school years, that there was a
15   known overall risk of sexual harassment, or that the abuse that A.H. experienced arose out of an
16   official policy.  Consequently, the Title IX claim against the District is dismissed with leave to
17   amend.

## II.    ADA AND REHABILITATION ACT CLAIMS

     The FAC also does not state a plausible ADA or Rehabilitation Act claim against the District.  Intentional discrimination under Title II of the ADA requires a plaintiff to show that "(1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of her disability."  *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *see also Yates v. E. Side Union High Sch. Dist.*, No. 18-cv-02966-JD, 2021 WL 3665861, at *6 (N.D. Cal. Aug. 18, 2021).  The elements under section 504 of the Rehabilitation Act are similar.  *Id.*

     The FAC does not plausibly allege that A.H. experienced discrimination "by reason of" her disability.  The only links between Shetterly's alleged abuse of A.H. and A.H.'s disability are the

4

conclusory assertions that "A.H. was specifically targeted and preyed upon due to her vulnerabilities, including her gender, depression, social anxiety and that she was special needs with an IEP." Dkt. No. 33 ¶¶ 28, 166, 179, 211. The FAC also includes an allegation that students with disabilities are generally more likely to experience sexual misconduct by a school employee than students without disabilities. *Id.* ¶ 23. Although this suggests that A.H. was more likely to experience sexual misconduct by a teacher than other students without disabilities, it is not connected with any factual allegations that could support a plausible inference that Shetterly abused A.H. "by reason of" or "solely by reason of" of her disability. *See K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1099 (9th Cir. 2013).

## CONCLUSION

The Title IX, ADA, and Rehabilitation Act claims against the District are dismissed with leave to amend. This resolves all the federal claims, which are the basis of the Court's subject matter jurisdiction in this case. The Court declines to exercise supplemental jurisdiction over the state law claims until a plausible federal claim is alleged. 18 U.S.C. § 1376(c)(3); *Parra v. PacifiCare of Arizona, Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013); *Doe v. City of Concord*, No. 20-cv-02432-JD, 2021 WL 3140782, at *2 (N.D. Cal. July 26, 2021).

A.H. may file an amended complaint that is consistent with this order by January 20, 2023. She may not add new claims or defendants without the Court's prior approval. A failure to meet this deadline will result in dismissal under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: December 30, 2022

JAMES DONATO
United States District Judge