UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. H.,<br><br>   Plaintiff,<br><br>  v.<br><br>WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT, et al.,<br><br>   Defendants. | Case No. 22-cv-03233-AMO<br><br>**ORDER GRANTING MOTION TO STRIKE AND DISMISS PORTIONS OF PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 61 |

Defendants Summer Sigler and West Contra Costa Unified School District ("the District") move to strike and to dismiss portions of Plaintiff A.H.'s Third Amended Complaint ("TAC"). The matter is fully briefed and suitable for decision without oral argument. *See* Civil L.R. 7-6. The Court hereby VACATES the hearing set for May 9, 2024. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby rules as follows.[1]

**I. MOTION TO STRIKE**

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts routinely strike or dismiss claims or defendants from pleadings where those claims or defendants had already been dismissed with prejudice because repleading dismissed claims causes confusion and inefficiency with no practical benefit. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we

---

[1] The alleged facts in the TAC are largely the same as in earlier iterations. For purposes of this Order, the Court assumes familiarity with the factual background set forth in its earlier rulings.

1   will not require that they be repled in a subsequent amended complaint to preserve them for
2   appeal.").

3         Defendants move to strike paragraphs 113, 116-118, 122, 123, 125-132 in the TAC on the
4   ground that the allegations contained therein have already been dismissed with prejudice. The
5   Court agrees. The allegations contained in the fourth claim in the TAC remain the same –
6   verbatim – as the allegations set forth in the previous version of the complaint, which were
7   dismissed with prejudice. *Compare* ECF 40 (SAC ¶¶ 113-133) *with* ECF 60 (TAC ¶¶ 112-132);
8   *see also* Order Granting in Part and Denying in Part Motion to Dismiss (ECF 59). While Plaintiff
9   has removed the District from the heading of the fourth cause of action, the claim continues to
10  contain several allegations directed at the District, including allegations seeking punitive damages
11  and attorney fees against the District. TAC ¶¶ 112-132. Plaintiff's suggestion that the repeated
12  reference to "Defendants" throughout the fourth cause of action is limited to Defendant Sigler and
13  the Doe Defendants ignores the actual language of her allegations and is belied by the fact that she
14  did not change the allegations from the previous complaint, when the claim was undisputedly
15  being asserted against the District. Because the District is no longer a defendant as to the fourth
16  cause of action, all references of misconduct allegedly perpetrated by the District must be
17  removed. Therefore, the Court **GRANTS** Sigler's and the District's motion to strike paragraphs
18  113, 116-118, 122, 123, and 125-132 from the TAC.

19  **II.   MOTION TO DISMISS**

20        Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint
21  if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to
22  dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its
23  face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when
24  the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant
25  is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation
26  omitted).

27        Defendants Sigler and the District move to dismiss Plaintiff's disability discrimination
28  claims (the seventh, eighth, and tenth causes of action) from the TAC on the ground that the

1    amended pleading fails to cure defects identified by the Court in granting dismissal of these claims
2    in earlier pleadings.  On September 28, 2023, the Court issued an Order dismissing – for the third
3    time – Plaintiff's disability discrimination claims.  ECF 59.  The Court clarified that, to state a
4    claim that she experienced discrimination "by reason of" her disability, a plaintiff must do more
5    than allege that she is disabled and was abused.  *Id.* at 6-7.  Plaintiff did not cure the defects
6    identified in the Court's September Order.  The redline comparison of the TAC to the earlier
7    complaint shows that the now-operative pleading does not present additional facts or substantively
8    change the allegations from the previous version.  *See* ECF 69.  The disability discrimination
9    claims remain insufficiently pleaded and must again be **DISMISSED**.

10   Plaintiff requests leave to amend again.  Dismissal with prejudice is appropriate where a
11   plaintiff repeatedly fails "to cure deficiencies by amendments previously allowed."  *Leadsinger,*
12   *Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).  Because Plaintiff has failed to cure
13   the deficiencies highlighted in the Court's earlier orders, and because it would be unduly
14   prejudicial to Defendants Sigler and the District to litigate another motion to dismiss regarding the
15   same deficiencies, leave to amend is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Sigler's and the District's motion to strike the paragraphs in the fourth cause of action directed at the District.  The Court additionally **GRANTS** Sigler's and the District's motion to dismiss the disability discrimination claims (the seventh, eighth, and tenth causes of action).  Those causes of action are hereby **DISMISSED WITH PREJUDICE**.  Defendants shall file an answer responding to the remaining claims within 30 days from the date of this order.

**IT IS SO ORDERED.**

Dated: April 22, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**